# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-116

SEBO America, LLC,

Plaintiff,

v.

Red Vacuums LLC,

Defendant.

---

## PLAINTIFF'S COMPLAINT

---

Plaintiff, SEBO America, LLC, ("SEBO") for their complaint against Red Vacuums LLC, ("Defendant") for Copyright Infringement, Trademark Infringement, False Designation of Origin, False Advertising, Unfair Competition, Violations of the Colorado Consumer Protection Act, Passing Off, and Unjust Enrichment, by and through their counsel, state as follows:

### Nature and Basis of the Action

1. SEBO brings this action in law and equity, for damages and injunctive relief arising from Defendant's misappropriation of copyright content, well known and distinct trademarks, of which SEBO has the exclusive right to control within the United States, and to stop the unauthorized use of trademarks owned and/or licensed by SEBO, and unlawful advertising, promotion, and sale of goods bearing such trademarks by Defendant.

2. This is an action for copyright infringement, trademark infringement, false designation of origin, false advertising, unfair competition, passing off, and unjust enrichment under the United States Copyright Act (17 U.S.C. §§ 101, et seq.), Lanham Act (15 U.S.C. §§ 1051 et seq.), state law, and common law, and violations of the Colorado Consumer Protection Act, seeking permanent injunctive relief, and an accounting and judgment against Defendant, for disgorgement of profits, compensatory damages, punitive damages, attorney's fees, applicable interest, and other relief which the Court deems lawful and just, relating to Defendant's unlawful and infringing conduct.

3. SEBO is the exclusive United States licensee of the registered trademarks SEBO, SEBO (and design), FELIX, DART, AIRBELT, WORKS FOR ME, and AERAPURE, and common law rights associated therewith, for floor maintenance equipment, including vacuum cleaners, vacuum cleaner dust bags, vacuum cleaner filters, vacuum cleaner attachments and accessories, replacement parts for vacuum cleaners, and related goods ("SEBO Trademarks").

4. SEBO is the exclusive owner of creative content which is registered with the United States Copyright Office, including photographs which feature goods marketed under and bearing the SEBO Trademarks (herein the "SEBO Copyrights").

5. Goods that bear the SEBO Trademarks are distributed and marketed for sale in the United States through a closed network of authorized distributors and vendors of which SEBO controls and monitors for compliance. Defendant is not an authorized distributor or vendor of SEBO goods in the United States.

6. Defendant's infringing commercial advertising and promotion of goods bearing the SEBO Trademarks to consumers in the United States includes goods that have been listed for sale on the e-commerce store on redvacuums.com in a manner that makes the listings for the Infringing Goods indistinguishable from authorized product listings.

7. Defendant's actions have given consumers the false impression that Defendant is associated or affiliated with SEBO, and that the actions and conduct of Defendant are authorized, approved, or sanctioned by SEBO.

8. Defendant has advertised and promoted products ("Infringing Goods") for sale to consumers in the United States in a manner that is misleading, is likely to cause confusion, deception, and/or mistake as to a non existent connection between Plaintiff and Defendant, and which infringes upon Plaintiff's exclusive rights in the United States to control trademarks referenced in this Complaint as the SEBO Trademarks.

9. Products sold by Defendant which bear the SEBO Trademarks, are not covered under the SEBO limited warranty in the United States ("SEBO warranty").

10. Defendant has advertised goods bearing the SEBO Trademarks in a misleading manner that does not advise consumers of the material differences between these goods, and the goods sold by authorized SEBO dealers.

11. Defendant has advertised products bearing the SEBO Trademarks by implying false, misleading, and/or unqualified representations of fact.

12. Defendant has used the SEBO Trademarks in commercial advertising and promotion which misrepresents the origin of goods and commercial activities.

13. Defendant has reproduced and used the SEBO Copyrights for commercial purposes in connection with SEBO goods, and without authorization from SEBO.

### Parties

14. Plaintiff SEBO America, LLC is a Colorado limited liability company with a principal place of business of 14101 East Otero Avenue, Suite 400, Englewood, CO, 80112.

15. Defendant Red Vacuums LLC is a limited liability company whose principal place of business is 171 Maple Ave E., Vienna, VA, 22180. Defendant maintains and/or acts in concert with parties that maintain the website redvacuums.com.

## Jurisdiction and Venue

16. This court has subject matter jurisdiction over SEBO's federal law claims for trademark infringement, false advertising, false designation of origin, and unfair competition under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338 (a) and (b). This court has subject matter jurisdiction over SEBO's state law claims under 28 U.S.C. § 1367.

17. SEBO's federal claims which are predicated on 15 U.S.C. §§ 1114 and 1125(a), and 17 U.S.C. § 106, and its claims arising under the laws of the State of Colorado are substantially related such that they form part of the same case or controversy.

18. Defendant is subject to personal jurisdiction in this judicial district as Defendant has sold goods bearing the SEBO Trademarks with a shipping address of Colorado, and Plaintiff is being damaged by Defendant's tortious conduct within this judicial district.

19. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in this judicial district, and because a substantial part of property that is the subject of the action is situated in this judicial district.

### The Challenges that E-Commerce Marketplaces Present

### to the Integrity and Goodwill of Plaintiff's Trademarks

20. A brick and mortar environment allows a consumer to touch and interact with goods and/or their packaging prior to selecting a particular product. Consumers can inspect the packaging, read the text, and select a specific package from the available inventory.

21. Online marketplaces do not allow a consumer to directly or physically interact with goods prior to purchasing them. Rather, consumers must rely upon the information that a vendor chooses to make available to them via text and/or audio/video.

22. Online marketplaces require a consumer to trust the good faith efforts of the many potential parties that interact with a product, and a consumer, both before and after a potential purchase.

23. Consumers must trust that goods as listed for sale via e-commerce, with their exact titles, descriptions, photos, and videos, are the same ones that arrive.

24. Consumers expect that goods which bear a trademark owner's trademarks are coming from an authorized vendor who can provide such goods without any material differences.

25. Online e-commerce marketplaces further allow a consumer to take their frustrations out on the goodwill associated with a trademark and the brand owner with a few clicks or keystrokes by leaving a negative and damaging review.

26. Consumers have no ability to control the display of goods on redvacuums.com in a manner that consumers would be able to determine whether a particular trademark owner and/or licensee has authorized such goods to be marketed by the owner of redvacuums.com and/or marketing on redvacuums.com

**Relevant Facts Regarding Plaintiff and the SEBO Trademarks**

27. Plaintiff, SEBO, markets within this judicial district and throughout the United States, floor maintenance equipment, including vacuum cleaners, vacuum cleaner dust bags, vacuum cleaner filters, vacuum cleaner attachments and accessories, and replacement parts for vacuum cleaners bearing the SEBO Trademarks.

28. The SEBO wordmark is registered with the United States Patent Trademark Office ("USPTO") in International Class 007, which was issued by the USPTO on April 9, 2019, (U.S. Trademark Registration 5722486). This mark has been used in commerce since at least September 01, 1998.

29. The SEBO & Design composite trademark is registered with the USPTO in International Class 007, which was issued by the USPTO on September 26, 2000 (U.S. Trademark Registration 2389278). This mark has been used in commerce since at least September 01, 1998.

30. The FELIX wordmark is registered with the USPTO in International Class 007, which was issued by the USPTO on October 14, 2008 (U.S. Trademark Registration 3518178). This mark has been used in commerce since at least February 01, 2005.

31. The DART wordmark is registered with the USPTO in International Class 007, which was issued by the USPTO on February 20, 2007 (U.S. Trademark Registration 3210439). This mark has been used in commerce since at least June 01, 2005.

32. The AIRBELT wordmark is registered with the USPTO in International Class 007, which was issued by the USPTO on April 9, 2019 (U.S. Trademark Registration 5722485). This mark has been used in commerce since at least January 31, 2002.

33. The WORKS FOR ME wordmark is registered with the USPTO in International Class
    007, which was issued by the USPTO on February 8, 2011 (U.S. Trademark Registration
    3915934). This mark has been used in commerce since at least February 8, 2011.

34. The AERAPURE wordmark is registered with the USPTO in International Class 007,
    which was issued by the USPTO on October 05, 2021 (U.S. Trademark Registration
    6512123). This mark has been used in commerce since at least August 14, 2020.

35. The SEBO Trademarks have solidified their distinctive nature in the marketplace through
    longstanding and continuous use and promotion of products bearing the SEBO
    Trademarks throughout the United States.

36. The SEBO Trademarks have acquired substantial goodwill with consumers and
    businesses in the United States through extensive sales and marketing efforts by SEBO
    and the SEBO Authorized Distribution network.

37. The SEBO Trademarks have acquired distinctiveness as a source identifier of Plaintiff's
    vacuum cleaners, vacuum cleaner dust bags, vacuum cleaner filters, vacuum cleaner
    attachments and accessories, and replacement parts for vacuum cleaners among the
    relevant consuming public.

**Relevant Facts Regarding Plaintiff's Efforts**

**to Protect the Goodwill and Integrity of Plaintiff's Trademarks**

38. SEBO places great importance on consumers receiving the best possible product experience, and receiving accurate and honest information regarding the guarantees and/or warranties covering products that bear the SEBO Trademarks.

39. Plaintiff devotes a significant amount of time, effort, and resources toward safeguarding the goodwill of the SEBO Trademarks.

40. The nature of e-commerce sales from around the world via same day delivery has only increased the competitive nature of the marketplace for goods that Plaintiff markets and sells.

41. The virtual, rather than in person nature of e-commerce itself places a heightened importance on the entire consumer experience, from inquiry to sale, and thereafter through service and support.

42. Consumers have gained the ability to use their exact purchasing standards and requirements to narrow a marketplace of voluminous options down to one brand, product, and/or seller.

43. Consumer purchasing decisions can be influenced by a myriad of factors, including price, seller rating, seller reviews, seller support, brand rating, product rating, customer support, technical support, and warranties.

44. By distributing goods bearing the SEBO Trademarks through its own website and exclusive distribution channels, Plaintiff is able to ensure that the integrity and reputation of the SEBO Trademarks are maintained.

45. SEBO vets authorized SEBO dealers prior to their approval to conduct sales of products bearing the SEBO Trademarks in the United States.

46. Authorized SEBO dealers are provided with training and support, and are required to transact business, maintain quality control, and provide service in a manner that reaches the standard that consumers expect when they encounter the SEBO Trademarks.

47. SEBO has expended substantial resources to both create and ensure goodwill and loyalty among the relevant consuming public and authorized SEBO dealers, including by providing superior customer service and warranty coverage.

48. SEBO cannot ensure that products bearing the SEBO Trademarks that are sourced from outside its authorized distribution channels are properly labeled, and meet all regulatory standards as required under United States law.

49. SEBO cannot ensure that products bearing the SEBO Trademarks that are sourced from outside its authorized distribution channels contain accurate instructions, and other documents that are written in the English language.

50. For all of these reasons, the SEBO Trademarks are recognized by the general consuming public of the United States, and SEBO is recognized as the source of such products bearing the SEBO Trademarks by the general consuming public of the United States.

51. As a result of the first-rate quality and exclusive distribution of goods bearing the SEBO Trademarks, and because SEBO is recognized as the source of such high quality goods, the SEBO Trademarks have gained substantial value and goodwill.

**Relevant Conduct Regarding Defendant**

52. Defendant has infringed upon the SEBO Trademarks, SEBO, SEBO (and design), AIRBELT,  DART, and FELIX, as set forth herein.

53. Upon information and belief that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, Defendant maintains and/or acts in concert with parties that maintain the website redvacuums.com.

54. Defendant is not an authorized vendor of goods bearing the SEBO Trademarks.

55. Defendant has not been authorized by SEBO to use the SEBO Copyrights.

56. Defendant has not been authorized by SEBO to use the SEBO Trademarks.

57. Defendant has not been authorized by SEBO to hold out to the public that Defendant is associated in any way with SEBO, and/or that SEBO has authorized or sponsored the conduct of Defendant in any manner.

58. Upon information and belief that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, Defendant has engaged in an intentional scheme to compete unfairly as displayed by their actions and conduct in the course of advertising and selling Infringing Goods bearing the SEBO Trademarks.

59. Upon information and belief that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, Defendant has advertised SEBO goods for sale in the United States, as "in stock", without having stock of such goods.

60. Upon information and belief that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, Defendant has accepted orders for SEBO goods that Defendant has advertised as "in stock", and Defendant has thereafter canceled such orders as a result of Defendant not having any stock of such SEBO goods.

61. Upon information and belief that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, Defendant has advertised SEBO goods for sale in the United States, as "coming soon", without any authorization from SEBO to sell such goods.

62. Defendant has advertised goods bearing the SEBO Trademarks in connection with images which have been registered with the United States Copyright Office, including Copyright Registration Number TX0008665436, without authorization from SEBO, including the images displayed below -

  

  

63. Defendant has advertised Infringing Goods in a manner that falsely implies an association with Plaintiff which is likely to cause confusion, or to cause mistake, or to deceive.

64. Defendant has advertised products bearing the SEBO Trademarks in the United States without advising consumers of the material differences between products marketed and sold by Defendant and products that are authorized for sale in the United States by SEBO and that bear the SEBO Trademarks.

65. Products bearing the SEBO Trademarks that Defendant markets for sale to consumers in the United States do not include the same warranty as non infringing goods that are marketed and sold by parties authorized by SEBO to market and sell goods bearing the SEBO Trademarks in the United States.

66. Defendant has marketed goods using the SEBO trademarks to unsuspecting customers on redvacuums.com that indicate the condition of said goods as 'new'.

67. Defendant has marketed goods using the SEBO trademarks to unsuspecting customers on redvacuums.com including advertising the inclusion of a warranty for SEBO goods.

68. The difference in warranty coverage between the products that are advertised and promoted to consumers for sale by Defendant, and those authorized by SEBO to advertise, promote, and sell products bearing the SEBO Trademarks in the United States, is a material difference and a relevant factor in consumer purchasing decisions.

69. Goods bearing the SEBO Trademarks that originate from sources outside of SEBO's authorized distribution network, and which are marketed and advertised by Defendant for sale are excluded from coverage by the SEBO Warranty. Therefore, the Infringing Goods are materially different from goods purchased from authorized SEBO dealers in the United States.

70. The products bearing the SEBO Trademarks and being marketed and promoted by Defendant for sale were and are materially different from those products bearing the SEBO Trademarks and being advertised, promoted, and sold by parties authorized to do so by SEBO.

71. Defendant's conduct has resulted in a risk of disaffection among authorized SEBO dealers in the United States who are required to adhere to SEBO's policies, while Defendant has competed unfairly by exploiting the fact that authorized vendors of SEBO goods must adhere to such requirements, while Defendant does not.

72. The harm caused by Defendant has a negative effect on interstate commerce, as goods bearing Plaintiff's trademarks are sold throughout the United States.

73. The false and deceptive association with SEBO that has been inflicted by Defendant creates a misleading and untrue association with the sales practices, service level, products, reviews, and reputation of Defendant with SEBO.

74. Defendant's actions have created a likelihood of confusion with Plaintiff and the SEBO Trademarks as to the origin, sponsorship, and/or affiliation of Defendant and the goods sold by Defendant.

75. Defendant's actions have created a false association with SEBO, and the SEBO Trademarks.

76. Defendant's actions have created a false sense that SEBO has authorized or sponsored Defendant's conduct.

77. Defendant has marketed goods using the SEBO trademarks to unsuspecting consumers in a manner that indicates that consumers are purchasing genuine SEBO products that are meant for sale in the United States, and that are fully backed by the SEBO warranty in the United States.

78. Defendant's e-commerce listings create a misleading connection to SEBO, and a false association of authorization or sponsorship by SEBO of Defendant's actions, including through the use of the SEBO trademarks.

79. Defendant's listings indicate and imply that SEBO is affiliated with, or that such listings are in conjunction with, parties that SEBO has no connection or affiliation with.

80. Upon information and belief that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, Defendant's conduct has been willful.

81. Upon information and belief that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, Defendant's activities set forth herein have been carried out with knowledge of the nature of Defendant's conduct.

82. Upon information and belief that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, Defendant's wrongful conduct has occurred in the regular course of business.

83. Therefore, SEBO brings this action against Defendant under federal law, Colorado state law, and common law.

84. Unless Defendant's illegal and infringing conduct is enjoined, Plaintiff will suffer irreparable injury for which there is no adequate remedy at law.

## Claim One

### Federal Trademark Infringement – 15 U.S.C. § 1114

85. Plaintiff incorporates and realleges by reference the allegations in the preceding paragraphs as if separately repeated here.

86. SEBO is the exclusive United States licensee of the SEBO Trademarks.

87. USPTO registrations for the SEBO Trademarks are valid and subsisting trademarks, and in full force and effect.

88. Defendant has used in commerce, trademarks that are registered with the USPTO, and of which SEBO is the exclusive licensee of in the United States.

89. Defendant's use of the SEBO Trademarks in connection with Defendant's unauthorized and misleading advertising and promotion of goods bearing the SEBO Trademarks is likely to cause confusion, cause mistake, or deceive.

90. Defendant's use of the SEBO Trademarks falsely suggests that the infringing goods sold by Defendant are the same exact product in all manners as those advertised, promoted, and sold by parties authorized to do so by SEBO.

91. Plaintiff's and Defendant's sales channels overlap.

92. Defendant's use of the SEBO Trademarks has been conducted in an unauthorized manner.

93. Defendant's unauthorized use of the SEBO Trademarks has caused, and is likely to cause confusion, mistake, and deception among the general consuming public that the products bearing the SEBO Trademarks and being sold, promoted, and advertised by Defendant, originate from, are associated with, approved by, or are otherwise authorized by Plaintiff.

94. Defendant's conduct constitutes trademark infringement in violation of 15 U.S.C. § 1114 (1).

95. Defendant's wrongful conduct includes unauthorized copying, reproduction, and/or imitation in the advertising and promoting of goods bearing the SEBO Trademarks for sale in a manner that fails to indicate that such goods are materially different from goods bearing the SEBO Trademarks and authorized by SEBO to be marketed and sold to consumers in the United States, and is likely to cause confusion, mistake, or deception.

96. Plaintiff has been, and will continue to be harmed by the wrongful actions of Defendant.

97. Defendant's conduct has irreparably harmed Plaintiff, and will continue to do so unless enjoined by the Court.

98. Plaintiff has no adequate remedy at law.

99. Pursuant to 15 U.S.C. § 1116, SEBO is entitled to injunctive relief enjoining Defendant's infringing conduct.

100.     The harm caused to Plaintiff's business, goodwill, reputation, and profits are a direct and proximate result of Defendant's use of Plaintiff's trademarks in an infringing manner.

101.     Plaintiff continues to be injured in an amount that has not yet been fully ascertained.

102.     As a result of Defendant's conduct, SEBO has been harmed and is entitled to damages, including but not limited to, Defendant's profits from the sale of all infringing products, actual damages, statutory damages, treble damages, and corrective advertising damages.

103.   The actions of Defendant render this an exceptional case, entitling Plaintiff to enhanced damages and an award of attorney's fees and costs associated with the action pursuant to 15 U.S.C. § 1117(a).

104.    The damage caused to Plaintiff by Defendant cannot be fully measured or compensated for in economic terms. Such irreparable harm will continue unless Defendant is enjoined from such conduct.


## Claim Two

### False Designation of Origin –  15 U.S.C. § 1125(a)(1)(A)

105.   Plaintiff incorporates and realleges by reference the allegations in the preceding paragraphs as if separately repeated here.

106.   Through their unauthorized use of the SEBO Trademarks, Defendant has falsely designated the origin of products bearing the SEBO Trademarks, and competed unfairly with Plaintiff, in direct violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

107.   Defendant's infringing conduct in connection with the SEBO Trademarks has been likely to cause confusion, mistake, or deception as to the affiliation, connection or association of Plaintiff and the SEBO Trademarks with Defendant.

108.    Defendant's infringing conduct in connection with the SEBO Trademarks has been likely to cause a false belief that Plaintiff sponsors, approves of, or authorizes Defendant's conduct.

109.    Defendant has created a false or misleading association with SEBO and the SEBO Trademarks.

110.    SEBO has been, and is likely to continue to be damaged by the wrongful actions of Defendant.

111.    Defendant's conduct has irreparably harmed Plaintiff, and will continue to do so unless enjoined by the Court.

112.    Plaintiff has no adequate remedy at law.

113.    Pursuant to 15 U.S.C. § 1116, SEBO is entitled to injunctive relief enjoining Defendant's infringing conduct.

114.    The harm caused to Plaintiff is a direct and proximate result of Defendant's use of Plaintiff's trademarks in an infringing manner.

115.    Plaintiff continues to be injured in an amount that has not yet been fully ascertained.

116.    As a result of Defendant's conduct in violation of 15 U.S.C. § 1125(a), SEBO has been harmed and is entitled to damages, including but not limited to, Defendant's profits from the sale of all infringing products, actual damages, statutory damages, treble damages, and corrective advertising damages.

117.    The damage caused to Plaintiff by Defendant cannot be fully measured or compensated for in economic terms. Such irreparable harm will continue to occur against Plaintiff and the consuming public, and for which Plaintiff has no adequate remedy at law, unless Defendant is enjoined from such conduct.

118.   The actions of Defendant render this an exceptional case, entitling Plaintiff to enhanced damages and an award of attorney's fees and costs associated with the action pursuant to 15 U.S.C. § 1117(a).

**Claim Three**

**False Advertisement - 15 U.S.C. § 1125(a)(1)(B)**

119.   SEBO incorporates and realleges by reference the allegations in the preceding paragraphs as if separately repeated here.

120.   Defendant has unlawfully used the SEBO Trademarks in advertising and promoting products for sale to the relevant purchasing public.

121.   Use of the SEBO Trademarks by Defendant, in connection with Defendant's unauthorized advertising and promotion of the Infringing Goods for sale to consumers in the United States, misrepresents the nature, characteristics, qualities, and origin of the Infringing Goods.

122.   Defendant's use of the SEBO Trademarks in connection with the unauthorized advertising and promotion of the Infringing Goods for sale to consumers in the United States is likely to cause confusion, cause mistake, or deceive.

123.   Defendant's use of the SEBO Trademarks in connection with the unauthorized advertising and promotion of the Infringing Goods for sale to consumers in the United States falsely suggests that the infringing products sold by Defendant are exactly the same as, and not materially different from, those sold by parties authorized to do so by Plaintiff.

124.    Defendant's use of the SEBO Trademarks in connection with the unauthorized advertising, promotion, and sale of the Infringing Goods to consumers in the United States falsely suggests that the Infringing Goods originate from Plaintiff, and/or that Defendant's actions are approved by, or are otherwise authorized by Plaintiff.

125.    SEBO has been, and is likely to continue to be damaged by the wrongful actions of Defendant. Defendant's conduct has irreparably harmed Plaintiff, and will continue to do so unless enjoined by the Court.

126.    Plaintiff has no adequate remedy at law, and pursuant to 15 U.S.C. § 1116, SEBO is entitled to injunctive relief enjoining Defendant's infringing conduct.

127.    The harm caused to Plaintiff is a direct and proximate result of Defendant's use of Plaintiff's trademarks in an infringing manner.

128.    Plaintiff continues to be injured in an amount that has not yet been fully ascertained.

129.    As a result of Defendant's conduct in violation of 15 U.S.C. § 1125(a)(1)(B), SEBO has been harmed and is entitled to damages, including but not limited to, Defendant's profits from the sale of all Infringing Goods, actual damages, statutory damages, treble damages, and corrective advertising damages.

130.    The damage caused to Plaintiff by Defendant cannot be fully measured or compensated for in economic terms. Such irreparable harm will continue to occur against Plaintiff and the consuming public, and for which Plaintiff has no adequate remedy at law, unless Defendant is enjoined from such conduct.

131.    The actions of Defendant render this an exceptional case, entitling Plaintiff to
enhanced damages and an award of attorney's fees and costs associated with the action
pursuant to 15 U.S.C. § 1117(a).

**<u>Claim Four</u>**

**<u>Unfair Competition - 15 U.S.C. § 1125(a)</u>**

132.    SEBO incorporates and realleges by reference the allegations in the preceding
paragraphs as if separately repeated here.

133.    Plaintiff has the exclusive right to control the SEBO Copyrights and SEBO
Trademarks in the United States.

134.    Defendant has used the SEBO Copyrights and SEBO Trademarks in interstate
commerce by advertising goods bearing the SEBO Trademarks for sale without the
consent of SEBO.

135.    The products advertised for sale by Defendant and bearing the SEBO Trademarks are
excluded from coverage by the SEBO Warranty.

136.    The SEBO Warranty is a material component of genuine goods that are sold bearing
the SEBO Trademarks and a relevant factor in consumer purchasing decisions.

137.    Defendant is not subjected to vetting by SEBO, or required to transact business in a
manner that reaches the standard that SEBO expects consumers will receive when they
encounter the SEBO Trademarks.

138.   SEBO has no ability to control the quality of goods or the manner and level of customer service and support for goods that are advertised and promoted by and/or purchased from Defendant.

139.   The products advertised for sale by Defendant and bearing the SEBO Trademarks are materially different from products bearing the SEBO Trademarks and sold by vendors authorized by SEBO to do so, based on their exclusion from the SEBO Warranty, and SEBO's lack of ability to exercise quality control measures.

140.   Defendant's unauthorized use of the SEBO Trademarks in advertising of goods is likely to cause confusion, or to cause mistake, or to deceive because promotion of products bearing the SEBO Trademarks by Defendant suggests that such products are subject to the SEBO Warranty, when they are expressly excluded from such warranty.

141.   Defendant's unauthorized use of the SEBO Trademarks in advertising of goods is likely to cause confusion, or to cause mistake, or to deceive because such promotion of products bearing the SEBO Trademarks by Defendant suggests that such products are genuine SEBO goods, when they are not.

142.   Defendant's unauthorized use of the SEBO Trademarks in advertising of goods is likely to cause confusion, or to cause mistake, or to deceive because such promotion of products bearing the SEBO Trademarks by Defendant suggests that Defendant's actions are approved by, or are otherwise authorized by Plaintiff.

143.   Defendant's unauthorized use of the SEBO Trademarks has infringed upon and materially damaged the value of the SEBO Trademarks and caused significant damage to SEBO's business relationships.

144.   SEBO has been, and is likely to continue to be damaged by the wrongful actions of
Defendant. Defendant's conduct has irreparably harmed Plaintiff, and will continue to do
so unless enjoined by the Court.

145.   Plaintiff has no adequate remedy at law, and pursuant to 15 U.S.C. § 1116, SEBO is
entitled to injunctive relief enjoining Defendant's infringing conduct.

146.    The harm caused to Plaintiff is a direct and proximate result of Defendant's use of
Plaintiff's trademarks in an infringing manner.

147.   Plaintiff continues to be injured in an amount that has not yet been fully ascertained.

148.   As a result of Defendant's conduct in violation of 15 U.S.C. § 1125(a), SEBO has
been harmed and is entitled to damages, including but not limited to, Defendant's profits
from the sale of all infringing products, actual damages, statutory damages, treble
damages, and corrective advertising damages.

149.   The damage caused to Plaintiff by Defendant cannot be fully measured or
compensated for in economic terms. Such irreparable harm will continue to occur against
Plaintiff and the consuming public, and for which Plaintiff has no adequate remedy at
law, unless Defendant is enjoined from such conduct.

150.   The actions of Defendant render this an exceptional case, entitling Plaintiff to
enhanced damages and an award of attorney's fees and costs associated with the action
pursuant to 15 U.S.C. § 1117(a).

## Claim Five

### Copyright Infringement - 17 U.S.C. § 101 et seq.

151.    Plaintiff incorporates and realleges by reference the allegations in the preceding paragraphs as if separately repeated here.

152.    Plaintiff is the exclusive owner of the SEBO Copyrights, and has registered such copyright content in connection with SEBO's ownership interests associated therewith, with the United States Copyright Office.

153.    Defendant's conduct of using the SEBO Copyrights has been for commercial purposes, and has been in connection with the Infringing Goods.

154.    Defendant has used the SEBO Copyrights to market and promote products bearing the SEBO Trademarks for sale in the United States.

155.    Defendant's use of the SEBO Copyrights has been conducted in an unauthorized manner.

156.    Each reproduction, advertisement, distribution, dissemination, and/or other unauthorized exploitation of the SEBO Copyrights constitutes a separate, distinct, and continuing act of copyright infringement.

157.    Plaintiff has been, and will continue to be harmed by the wrongful actions of Defendant.

158.    Defendant's conduct has irreparably harmed Plaintiff, and will continue to do so unless enjoined by the Court.

159.    Plaintiff has no adequate remedy at law.

160.    Pursuant to 17 U.S.C. § 502, SEBO is entitled to injunctive relief enjoining Defendant's infringing conduct.

161.    The harm caused to Plaintiff's business, goodwill, reputation, and profits are a direct and proximate result of Defendant's use of the SEBO Copyrights in an infringing manner.

162.     Plaintiff continues to be injured in an amount that has not yet been fully ascertained.

163.    As a result of Defendant's conduct, SEBO has been harmed and is entitled to damages, including but not limited to, Defendant's profits from the sale of all infringing products, actual damages, statutory damages, and attorneys fees, under 17 U.S. Code § 412.

164.    The damage caused to Plaintiff by Defendant cannot be fully measured or compensated for in economic terms. Such irreparable harm will continue unless Defendant is enjoined from such conduct.

**Claim Six**

**Common Law Unfair Competition**

165.    SEBO incorporates and realleges by reference the allegations in the preceding paragraphs as if separately repeated here.

166.    Defendant has availed themselves of the laws and jurisdiction of Colorado, including through Defendant's subversion of SEBO's authorized distribution network in the United States, causing harm to SEBO and the SEBO Trademarks in Colorado.

167.    Defendant's unlawful and unauthorized conduct and use of the SEBO Copyrights and
SEBO Trademarks constitutes unfair competition with SEBO in violation of Colorado
state law.

168.    Defendant's conduct has the ability to cause confusion among the consuming public
as to the source that Defendant's products originate from, an incorrect association with
SEBO and the SEBO Trademarks, and false perception and belief that Defendant's
actions are approved by, or are otherwise authorized by Plaintiff.

169.    Defendant's conduct as alleged herein constitutes misappropriation of Plaintiff's
valuable intellectual property rights and substantial goodwill associated with the SEBO
Copyrights and SEBO Trademarks.

170.    Defendant's conduct as alleged herein is likely to cause confusion, mistake, and
deception among the general consuming public that the infringing products being sold,
promoted, and advertised by Defendant originate from, are associated with, are approved
by, or are otherwise authorized by Plaintiff.

171.    Defendant, through their unlawful conduct, has usurped the value and goodwill
created by developing loyal customers of goods marketed in connection with the SEBO
Trademarks.

172.    Defendant, through their unlawful conduct, has irreparably damaged SEBO's
long-standing business relationships and the goodwill of the SEBO Trademarks, both of
which SEBO has expended significant time and resources to develop through arduous
efforts.

173.    Defendant's actions have the ability to cause damage to SEBO, and upon information and belief that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery have been conducted intentionally and for an unlawful purpose.

174.    The harm caused to Plaintiff is a direct and proximate result of Defendant's conduct.

175.    Plaintiff has been, and will continue to be harmed by the wrongful actions of Defendant.

176.    Defendant's conduct has irreparably harmed Plaintiff, and will continue to do so unless enjoined by the Court.

177.    Plaintiff has no adequate remedy at law.

178.    Plaintiff continues to be injured in an amount that has not yet been fully ascertained.

179.    The damage caused to Plaintiff by Defendant cannot be fully measured or compensated for in economic terms.

180.    As a result of Defendant's conduct, and the harms caused by such conduct, SEBO is entitled to damages, including but not limited to, Defendant profits from the sale of all infringing products, actual damages, statutory damages, treble damages, and corrective advertising damages.

## Claim Seven

### Common Law Trademark Infringement

181.    Plaintiff incorporates and realleges by reference the allegations in the preceding paragraphs as if separately repeated here.

182.    Plaintiff exclusively possesses valid and protectable rights in the SEBO Trademarks within the United States, which are inherently distinctive and/or have acquired distinctiveness in connection with Plaintiff's goods through continuous use, and promotion of said trademarks.

183.    Plaintiff markets goods bearing the SEBO Trademarks throughout the United States, and in doing so, Plaintiff has used the SEBO Trademarks at issue in Colorado, and throughout the United States.

184.    Plaintiff has generated valuable goodwill in the SEBO trademarks through Plaintiff's arduous efforts.

185.    Plaintiff has expended substantial resources in the advertising, marketing, and promotion of the SEBO trademarks.

186.    The SEBO Trademarks represent the superior quality of the goods offered in connection with said trademarks, and the first rate level of service provided by SEBO and authorized vendors of SEBO goods.

187.    Defendant's unlawful and deceptive conduct in connection with its unauthorized use of Plaintiff's trademarks will continue to cause confusion and deception among the purchasing public, and therefore constitutes common law trademark infringement under the laws of the State of Colorado.

188. Defendant's unauthorized use of the SEBO trademarks is likely to cause confusion, mistake, and deception among the general consuming public that the Infringing Goods being sold, promoted, and advertised by Defendant originate from, are associated with, approved by, or are otherwise authorized by Plaintiff.

189. Defendant's wrongful conduct includes unauthorized copying, reproduction, and/or imitation of the SEBO Trademarks in the advertising, promoting, and selling of goods bearing the SEBO Trademarks, and is likely to cause confusion, mistake, or deception.

190. Defendant's unauthorized use of the SEBO trademarks in connection with goods that are materially different from goods bearing the SEBO Trademarks and authorized by SEBO to be marketed and sold to consumers in the United States, as described herein, is likely to cause confusion, mistake, or deception.

191. Plaintiff has been and will continue to be harmed by the wrongful actions of Defendant. Defendant's conduct has irreparably harmed Plaintiff, and will continue to do so unless enjoined by the Court.

192. Plaintiff has no adequate remedy at law.

193. The harm caused to Plaintiff is a direct and proximate result of Defendant's use of the SEBO Trademarks in an infringing manner.

194. Plaintiff continues to be injured in an amount that has not yet been fully ascertained.

195. The damage caused to Plaintiff by Defendant cannot be fully measured or compensated for in economic terms.

196.    As a result of Defendant's conduct, SEBO has been harmed and is entitled to
damages, including but not limited to, Defendant's profits from the sale of all Infringing
Goods, actual damages, statutory damages, treble damages, and corrective advertising
damages.

197.    Plaintiff is entitled to punitive damages because upon information and belief that will
likely have evidentiary support after a reasonable opportunity for further investigation or
discovery, Defendant has acted with a conscious and deliberate disregard for the
consuming public and the business interests of Plaintiff, and without any care or concern
that Defendant's conduct may be considered willful or wanton.

198.    The actions of Defendant render this an exceptional case, entitling Plaintiff to
enhanced damages and an award of attorney's fees and costs associated with the action.

**Claim Eight**

**Colorado Consumer Protection Act - C.R.S. §§ 6-1-101 et seq.**

199.    SEBO incorporates and realleges by reference the allegations in the preceding
paragraphs as if separately repeated here.

200.    Defendant has passed off the Infringing Goods as the genuine version of products
from SEBO and bearing the SEBO Trademarks, and in a misleading and deceptive
manner that Defendant is affiliated with SEBO, and that such conduct is approved by, or
otherwise authorized by Plaintiff.

201.    Defendant has, by selling, promoting, marketing, and advertising the Infringing Goods, made a false representation as to the source, sponsorship, or approval of the Infringing Goods.

202.    Defendant has, by selling, promoting, marketing, and advertising the Infringing Goods, made a false representation as to their affiliation, connection, or association with SEBO, and sponsorship or approval by SEBO.

203.    Defendant has negatively impacted the general consuming public and potential purchasers of goods bearing the SEBO Trademarks from authorized vendors of SEBO goods.

204.    Defendant, by selling, promoting, marketing, and advertising the Infringing Goods, has made a false representation as to the characteristics of goods.

205.    Defendant, in the course of their regular business, by selling, promoting, marketing, and advertising the Infringing Goods, has disparaged the goodwill of SEBO and the SEBO Trademarks by false or misleading representations of fact.

206.    Upon information and belief that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, Defendant has knowingly or recklessly made a false representation as to the characteristics of the SEBO goods advertised for sale by Defendant.

207.    Defendant has advertised or otherwise represented goods as warranteed without clearly and conspicuously disclosing material conditions or limitations in the warranty which are imposed by the guarantor.

208.    Upon information and belief that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, Defendant has advertised goods with intent not to supply reasonably expectable public demand, without the advertisement disclosing a limitation of quantity.

209.    Defendant has failed to disclose material information concerning goods, which information was known at the time of an advertisement, and upon information and belief that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, was intended to induce consumers to enter into a transaction.

210.    Plaintiff in the course of their business has been injured as a result of the deceptive trade practices of Defendant.

211.    Defendant's actions constitute prima facie evidence of the intent to injure a competitor or substantially lessen competition.

212.    Upon information and belief that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, absent injunctive relief, Defendant is likely to continue offering for sale, selling, marketing, advertising, and promoting the Infringing Goods. Such conduct will cause continued and irreparable harm to SEBO.

213.    Upon information and belief that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, the conduct set forth in the aforementioned paragraphs has been carried out in bad faith.

214.    Defendant's violations of C.R.S. §§ 6-1-101 et seq. entitle SEBO to recover damages including, but not limited to, actual damages, attorneys' fees, and treble damages.

## Claim Nine

### Unjust Enrichment

215.    SEBO incorporates and realleges by reference the allegations in the preceding
paragraphs as if separately repeated here.

216.    Defendant, through their infringing and unlawful conduct, has used the goodwill and
consumer recognition of the SEBO Trademarks to promote and unjustly enrich their
businesses, at the expense of Plaintiff.

217.    Defendant, through their infringing and unlawful conduct, has benefited financially,
and is likely to continue benefiting and profiting, by misleading consumers into believing
that Plaintiff and its trademarks are associated with Defendant, and that Plaintiff has
authorized or sponsored the conduct of Defendant.

218.    Defendant's conduct of an infringing nature has resulted in Defendant receiving the
benefit of a direct financial profit at the expense of Plaintiff.

219.    Defendant's infringing conduct has been improper, misleading, and deceitful.

220.    The circumstances surrounding Defendant's conduct would make it unjust for
Defendant to retain benefits that Defendant wrongfully received at Plaintiff's expense.

221.    The harms caused to Plaintiff are a direct and proximate result of Defendant's use of
Plaintiff's trademarks in an infringing manner.

222.    Plaintiff continues to be injured in an amount that has not yet been fully ascertained.

223.    Plaintiff is entitled to recover for the benefits that Defendant has received at
Plaintiff's expense, including disgorgement of all profits that Defendant received as a
result of Defendant's infringing conduct.

**PRAYER FOR RELIEF**

WHEREFORE, SEBO seeks the following relief:

a.  A judgment that Defendant, their agents, successors, and assigns have:

   i.  Violated 17 U.S. Code § 501 et seq. and other statutory and common law authority by infringing upon the SEBO Copyrights;

   ii.  Violated 15 U.S.C § 1114 and other statutory and common law authority by infringing upon the SEBO Trademarks.

   iii.  Violated 15 U.S.C. § 1125 (a)(1)(A) and other statutory and common law authority through false designation of origin, false or misleading descriptions or representations of fact, in a manner that is likely to cause confusion, mistake or deception among the purchasing public as to the affiliation, connection or association of Defendant with Plaintiff and the SEBO Trademarks.

   iv.  Violated 15 U.S.C. § 1125 (a)(1)(B) and other statutory and common law authority through commercial advertising and promotion which misrepresents the nature, characteristics, or qualities of the goods sold by Defendant, Defendant's commercial activities, and passing off goods advertised with and/or bearing the SEBO Trademarks.

   v.  Engaged in unfair competition by causing confusion among the purchasing public as to the source of the goods sold by Defendant and sponsorship, approval, affiliation, or connection with Plaintiff and the SEBO trademarks.

vi.     Violated the Colorado Consumer Protection Act C.R.S. §§ 6-1-101 et seq. through their actions in passing off infringing products as genuine, creating a false representation as to the source, sponsorship, or approval of infringing products, making a false representation as to their affiliation, connection, or association with SEBO, making a false representation as to the characteristics of goods, disparaging the goods of SEBO by false or misleading representations of fact, making a false or misleading statement of fact concerning the price of goods, representing goods as having a warranty backed by SEBO without clearly and conspicuously disclosing exclusions and restrictions from said warranty, and injuring Plaintiff as a result of such conduct.

vii.     Used the substantial goodwill and consumer recognition inherent in the SEBO Trademarks to promote and unjustly enrich their businesses.

b.   Acted in a willful manner, and with knowledge of the nature of their conduct.

c.   That, pursuant to 15 U.S.C. § 1116, Defendant and their agents, successors, and assigns, as well as those persons in active concert or participation therewith be jointly and severally enjoined throughout the world from:

i.     Infringing upon the SEBO Trademarks in any manner;

ii.     Infringing upon any SEBO copyright content, including the SEBO Copyrights set forth herein, in any manner;

iii.     Manufacturing, distributing, marketing, advertising, selling, promoting, or otherwise using the SEBO Trademarks, or any confusingly similar trademarks.

    iv.   Using any false designation of geographic origin, engaging in conduct that is likely to create a false association or connection with SEBO, or create a false impression that SEBO endorses, sponsors, or otherwise authorizes such conduct.

    v.   Unfairly competing against SEBO in any manner through use of the SEBO Trademarks.

    vi.   Destroying fair and honest competition through unfair practices.

    vii.   Using the SEBO Trademarks in any promotional material or any other manner, on the internet or other sales channels, or in any capacity whatsoever.

    viii.   Holding themselves out as an authorized SEBO dealer, licensee, or authorized user of the SEBO Trademarks in any manner.

c.   That Defendant be ordered to immediately remove all internet listings which violate federal law, state law, and/or common law through their illegal and infringing marketing, advertising, and sale of products as described herein.

d.   That pursuant to 17 U.S.C. §§ 412 and 504, Plaintiff is eligible for an award of statutory damages.

e.   That, pursuant to 15 U.S.C. § 1117 and state law, SEBO be awarded such damages as are allowed under the Lanham Act and state law, including but not limited to actual damages, statutory damages, Defendant's profits, and treble damages.

f.  Order an accounting of all listings, sales, profits, and advantages realized by Defendant from their conduct constituting trademark infringement, false designation of origin, unfair competition and other violations of federal law, state law, and common law, and award treble damages pursuant to 15 U.S.C. § 1117(a) based on the nature of Defendant's conduct.

g.  That Defendant's conduct was and continues to be with knowledge and bad faith, and all other circumstances which the court finds the warranting of treble damages.

h.  That this case be declared an exceptional case pursuant to 15 U.S.C. § 1117 and state law, as a result of the nature of Defendant's actions of trademark infringement, false designation of origin, and unfair competition thereby entitling Plaintiff their reasonable attorney's fees.

i.  That pursuant to 17 U.S.C. § 505 Plaintiff is entitled to recovery of Plaintiff's full costs, and an award of reasonable attorney's fees.

j.  That Plaintiff be awarded their costs and expenses of this action.

k.  That Plaintiff be awarded their reasonable attorney's fees.

l.  That pursuant to 17 U.S.C. §§ 412 and 504, Plaintiff be awarded statutory damages.

m.  That Plaintiff be awarded punitive damages in an amount to be determined by the trier of fact for the nature of Defendant's conduct of trademark infringement and unfair competition, pursuant to common law.

n.   Order Defendant to recall from all sales channels, channels of distribution, and all other outlets, all goods, product packaging, advertisements, promotional materials, product displays, and all other manner of marketing, distribution, and sale, the dispensing and conveyance of which would violate the injunction herein requested by Plaintiff.

o.   Order Defendant to deliver to Plaintiff all goods, product packaging, advertisements, promotional materials, product displays, and all other manner of marketing, distribution, and sale, the dispensing and conveyance of which would violate the injunction herein requested by Plaintiff.

p.   An accounting of all domain names owned by Defendant, and a requirement that Defendant assign and transfer all domain names that include Plaintiff's trademarks, confusingly similar trademarks to that of Plaintiff's trademarks, and any domain names that would dilute Plaintiff's trademarks in any manner.

q.   That SEBO be awarded corrective advertising damages and all other damages arising from the unlawful and unauthorized marketing and advertising of the Infringing Goods.

r.   Order Defendant to pay for and cause to be distributed to all relevant parties, including Plaintiff's distributors, resellers, authorized dealers, and other relevant parties, and Defendant's distributors, resellers, and other affiliated parties, a notice that advises said companies and persons of Defendant's trademark infringement, false designation of origin, unfair competition and other violations of federal and state law and advises of the issuance and content of the injunction herein requested by Plaintiff.

s.  Order that pursuant to Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a), Defendant shall file with the court and provide to Plaintiff via email and certified postal mail within thirty (30) days of the issuance of an order granting an injunction, or such extended period as the court may direct, a report stating under oath, the details and manner by which Defendant has complied with said injunction.

t.  That Plaintiff be awarded such other damages that the Court deems appropriate based on Defendant's conduct.

u.  All other just and proper relief on to which Plaintiff is entitled.

Dated: January 13, 2023              Respectfully submitted,

                                     SEBO America, LLC

                                     By their attorney

                                     s/Jeffrey Sturman
                                     Jeffrey Sturman
                                     Sturman Law, LLC
                                     8700 E Jefferson Ave. #371706
                                     Denver, CO 80237
                                     (720) 772-1724
                                     federal_court_docket@sturmanlaw.com
                                     *Attorney for Plaintiff SEBO America, LLC*